CJ-12-2238
Parrish



\* 1018062749 \*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

(1) PRESTRIDGE-HUNT, Meagan, an Individual,   )
                                       )
       Plaintiff,                       )
                                       )
vs.                                    )   CJ-2012-
                                     )   **CJ -2012-2238**
(1) OLD CHICAGO RESTAURANT,         )
    an Oklahoma corporation;           )
(2) CRAFTWORKS RESTAURANTS AND   )   FILED IN THE DISTRICT COURT
    BREWERIES, INC., an Oklahoma corporation; )   OKLAHOMA COUNTY, OKLA.
(3) CENTERBRIDGE CAPITAL PARTNERS,  )
    a New York Corporation; and        )   APR 1 3 2012
(4) ADVANCED EMPLOYER SOLUTIONS, L.L.C., )
                                     )   PATRICIA PRESLEY, COURT CLERK
    Defendants.                        by_____
                                                    DEPUTY

### PETITION

COMES NOW the Plaintiff, MEAGAN PRESTRIDGE-HUNT, and for her causes of action in the above styled and numbered cause, states and alleges as follows:

### PARTIES

1.    Plaintiff is and was at all times pertinent to this Petition a resident of Oklahoma County, State of Oklahoma. As more fully set forth below, at all pertinent times, Plaintiff was a full-time management employee of Old Chicago Restaurant and/or of it's ownership, franchisees, affiliates, agents and/or assigns.

2.    Defendant Old Chicago Restaurant ("Old Chicago") is a full-service restaurant which, upon information and belief, is owned and/or operated by Defendants Craftworks Restaurants and Breweries, Inc. and Centerbridge Capital Partners and/or by and through their franchisees, affiliates and/or assigns. Old Chicago was, at all time pertinent to this Petition, Plaintiff's employer as defined by the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA") and other applicable law.

EXHIBIT
1

Old Chicago conducts business within Oklahoma County and is an "employer" in an "industry affecting commerce" as defined by the FMLA. 29 U.S.C. § 2611(1) and (4) and other applicable law.

3.     Defendant Craftworks Restaurants and Breweries, Inc. ("Craftworks") is, upon information and belief, an owner and/or operator of Defendant Old Chicago Restaurant. Craftworks was, at all time pertinent to this Petition, Plaintiff's employer as defined by the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA") and other applicable law. Craftworks *vis a vis* Old Chicago conducts business within Oklahoma County and is an "employer" in an "industry affecting commerce" as defined by the FMLA. 29 U.S.C. § 2611(1) and (4) and other applicable law.

4.     Defendant Centerbridge Capital Partners ("Centerbridge") is, upon information and belief, an owner and/or operator of Defendant Old Chicago Restaurant, and/or an owner, operator or partner of Craftworks Restaurants and Breweries, Inc. Centerbridge was, at all time pertinent to this Petition, Plaintiff's employer as defined by the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA") and other applicable law. Centerbridge *vis a vis* Old Chicago conducts business within Oklahoma County and is an "employer" in an "industry affecting commerce" as defined by the FMLA. 29 U.S.C. § 2611(1) and (4) and other applicable law.

5.     Defendant Advanced Employer Solutions, L.L.C. ("AES"), is, upon information and belief, an agent and/or contractor of the foregoing Defendants and whose responsibilities at the time of Plaintiff's employment at Old Chicago included, among other functions, human resources, payroll, employee benefits and employee leave determinations. AES conducts business within Oklahoma County and is an "employer" in an "industry affecting commerce" as defined by the FMLA. 29 U.S.C. § 2611(1) and (4) and other applicable law.

**JURISDICTION AND VENUE**

6.      Jurisdiction is proper pursuant to OKLA. STAT., tit. 12, § 2004(f); venue in this district is proper pursuant to OKLA. STAT., tit. 12, §§ 133, 134, 137, 139 and 143. To the extent applicable, all conditions precedent to the institution of this law suit, including exhaustion of available administrative remedies, have been satisfied.

**PRELIMINARY STATEMENT OF THE CASE**

7.      Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

8.      Plaintiff is a former full-time management employee of Old Chicago.[1] During the course of her employment, Plaintiff became pregnant; she and the child developed serious health conditions; and were subsequently admitted to the care of Plaintiff's healthcare provider because of complications with her pregnancy. Plaintiff sought leave from her employment as permitted by the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA") and applicable law.

9.      Plaintiff went on a medical leave-of-absence due to her pregnancy on or after January 23, 2010. On April 15, 2010, prior to the expiration of twelve (12) weeks of leave entitlement as proved by the FMLA, 29 U.S.C. 2612(a)(1), Defendants terminated Plaintiff's employment directly in relation to Plaintiff's pregnancy, her serious health condition, and the enforcement of her rights under the FMLA.

10.     During the course of Plaintiff's leave of absence under the FMLA, Defendants charged Plaintiff for her healthcare insurance premiums and subsequently terminated Plaintiff's

---

[1] Defendants Old Chicago, Craftworks, Centerbridge and AES are collectively referred to as "Old Chicago" or "Defendants."

enrollment in the healthcare plan in contradiction to the FMLA, 29 U.S.C. 2614(c)(1).

## FIRST CAUSE OF ACTION

### Violations of Family and Medical Leave Act

11.    Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

12.    Plaintiff's leave under the FMLA began on or after January 23, 2010.  Defendants terminated Plaintiff on April 15, 2010, prior to the exhaustion of twelve (12) weeks leave as permitted by the FMLA.

13.    Defendants terminated Plaintiff in direct relation to her pregnancy; her and her child's serious health conditions arising therefrom; and because of Plaintiff's enforcement of her rights under the FMLA.

14.    By failing or refusing to restore Plaintiff to the same or equivalent position that she held with Defendants prior to her leave, Defendants violated the FMLA.

15.    By requirement payment of her healthcare insurance premiums and subsequently terminating Plaintiff's enrollment in the healthcare plan while Plaintiff was on leave under the FMLA, Defendants violated the FMLA.

16.    Defendants violations of the FMLA were willful, in bad faith and in reckless disregard of Plaintiff's rights afforded by the FMLA and applicable law.

## SECOND CAUSE OF ACTION

### Wrongful Termination of Employment

17.    Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

-4-

18.     Defendants terminated Plaintiff's employment in contradiction to well-established Oklahoma public policy. At OKLA. STAT., tit. 25, §1302, Oklahoma law provides: "It is a discriminatory practice for an employer...[t]o fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to...the terms, conditions, privileges or responsibilities of employment because of...sex...."

19.     At Section 1301(6) of Title 25, Oklahoma law defines "sex", "because of sex" or "based on sex" as inclusive of, but not limited to, "pregnancy, childbirth or related medical conditions." OKLA. STAT., tit. 25, §1301.

20.     Defendant's termination of Plaintiff during her FMLA leave, the same being directly related to Plaintiff's sex, constitutes wrongful termination.

21.     Said wrongful termination was intentional, and committed with malice and/or with reckless indifference to Plaintiff's rights.

### THIRD CAUSE OF ACTION

**Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing**

22.     Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

23.     Defendants had a duty to deal with Plaintiff in good faith but, by terminating Plaintiff as set forth in the Preliminary Statement of the Case, breached said duty.

24.     Defendants knowingly, willfully and recklessly breached their obligations owing to Plaintiff, and said breach was in bad faith.

## FOURTH CAUSE OF ACTION

### Breach of Contract

25.     Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

26.     Plaintiff submits that, as more fully set forth in the Preliminary Statement of the Case, Defendants entered an employment contract with Plaintiff, and that Defendants breached said contract by terminating Plaintiff as set forth in the Preliminary Statement of the Case.

## FIFTH CAUSE OF ACTION

### Breach of Fiduciary Duty

27.     Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

28.     Plaintiff submits that Defendants acted in a fiduciary capacity by making decisions related to Plaintiff's employee leave benefits lawful entitlements related thereto, and that Defendants breached the obligations thereof by terminating Plaintiff as set forth in the Preliminary Statement of the Case.

## SIXTH CAUSE OF ACTION

### Negligence

29.     Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

30.     As more fully set forth in the Preliminary Statement of the Case, Plaintiff submits that Defendants acted negligently in the implementation, interpretation and enforcement of applicable laws and policies related to Plaintiff's employment and termination thereof.

## SEVENTH CAUSE OF ACTION

### Gross Negligence

31.    Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

32.    As more fully set forth in the Preliminary Statement of the Case, Plaintiff submits that Defendants acted wantonly, recklessly and with gross indifference to Plaintiff's rights in the implementation, interpretation and enforcement of applicable laws and policies related to Plaintiff's employment and termination thereof.

## EIGTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

33.    Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

34.    Defendants acted intentionally, willfully, and/or in reckless disregard of Plaintiff's physical, mental and emotional well-being in the implementation, interpretation and enforcement of applicable laws by terminating Plaintiff as set forth in the Preliminary Statement of the Case, and that said acts constitute extreme and outrageous conduct which no person should reasonably be expected to endure.

35.    Defendants' intentional, willful, and/or reckless disregard for Plaintiff's welfare caused Plaintiff to sustain severe physical, mental and emotional pain and suffering.

## NINTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

36.    Plaintiff restates and incorporates herein by reference the preceding and subsequent

allegations of this Petition.

37.     Defendants acted in negligent disregard of Plaintiff's physical, mental and emotional well-being in the implementation, interpretation and enforcement of applicable laws by terminating Plaintiff as set forth in the Preliminary Statement of the Case, and that said acts constitute extreme and outrageous conduct which no person should reasonably be expected to endure.

38.     Defendants' negligent conduct caused Plaintiff to sustain severe physical, mental and emotional pain and suffering.

## TENTH CAUSE OF ACTION

### Negligent Hiring, Staffing, Training, and Supervision

39.     Plaintiff restates and incorporated herein by reference the preceding and subsequent allegations of this Petition.

40.     Defendants owed a duty to ensure that applicable laws are followed and enforced by appropriately hiring, staffing, training and supervising those charged with interpretation and enforcement of said laws and policies.

41.     Defendants breached their duty to hire, staff, train, and supervise their officials, officers, agents and/or employees, thereby causing Plaintiff damages.

## CONCLUSION

WHEREFORE, Plaintiff, for her claims herein asserted, seeks actual, compensatory and consequential damages in excess of $10,000.00, with the exact amount to be determined by a jury; Plaintiff further seeks an award of punitive damages in excess of $10,000.00, with the exact amount to be determined by a jury; Plaintiff requests the costs, interest and attorneys fees associated with this action; and Plaintiff requests any and all other relief this Court deems fit and proper under the circumstances.

Respectfully submitted,

RAPHAEL T. GLAPION, P.C.

_____
Raphael T. Glapion   BAR# 19466
Post Office Box 10786
Midwest City, OK  73140-1786
Telephone: 405/610-2255
Facsimile: 405/610-2255
Email: rtglapion@myoklahomacounsel.com

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**